Defendant-appellant David Lansaw appeals from his conviction after a jury trial on one count of gross sexual imposition.[1]
In his first and second assignments of error, Lansaw challenges the sufficiency and the manifest weight of the evidence to support his conviction.
Lansaw was charged with gross sexual imposition for having sexual contact with a person under thirteen years of age. R.C.2907.05(A)(4). "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, the genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
At trial, Lansaw's twelve-year-old niece testified that on October 19, 1996, she spent the night at Lansaw's apartment. After she fell asleep on a couch, Lansaw lay down on the couch next to her and wrapped his legs around her. Then, he put his arm around her waist and began "rubbing her butt" and genital area with his hands. Later, he asked her if she wanted him to do something that would make her feel "really good." The victim refused and told her babysitter about the incident three days later. She then told her mother and was interviewed by the police. Defense counsel attempted to impeach the victim with inconsistencies in her versions of the events.
Lansaw gave a taped statement to the police admitting that he had lain on the couch with the victim and might have hugged her, but he denied any intentional groping for sexual gratification. This statement was played for the jury at trial.
To reverse a conviction for insufficient evidence, a reviewing court must conclude, after viewing the evidence in the light most favorable to the prosecution, that no "rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of witnesses, and determine that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
We hold that there is sufficient evidence to support Lansaw's conviction. The victim relayed essentially the same version of events to her babysitter, to her mother, to the police, to the grand jury, and to the jury at trial. The weight to be given the evidence and the credibility of witnesses was primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The first and second assignments of error are overruled.
In his third assignment of error, Lansaw argues that the trial court erred in allowing into evidence over his objection a transcript of his taped statement to police. The trial court specifically found that the taped statement was hard to understand and that the transcript would aid the jury. Lansaw did not challenge the accuracy of the transcript below, nor has he done so on appeal. We have found no discrepancies between the tape and the transcript. Under these circumstances, no prejudicial error occurred. State v. Mason (1998), 82 Ohio St.3d 144,159, 694 N.E.2d 932, 950, certiorari denied (1998), ___ U.S. ___, 119 S.Ct. 624. Accordingly, the third assignment of error is overruled.
In his final assignment of error, Lansaw argues that defense counsel was ineffective in failing to object to the prosecutor's inquiries into Lansaw's prior DUI and carrying-a-concealed-weapon convictions during the cross-examination of Lansaw's mother.
Mrs. Lansaw testified as a character witness for her son. The prosecutor's inquiries were permissible under Evid.R. 405(A) to challenge the basis of Mrs. Lansaw's good opinion of her son. See State v. Broom (1988), 40 Ohio St.3d 277, 290,533 N.E.2d 682, 687, certiorari denied (1989), 490 U.S. 1075,109 S.Ct. 2089. Defense counsel was, however, deficient in failing to request a limiting instruction about this testimony. But to prove a violation of his Sixth Amendment right to counsel, Lansaw must demonstrate both that his attorney's performance was deficient and that this deficiency resulted in prejudice.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Prejudice may be demonstrated by a showing that there is a reasonable probability that, but for the attorney's error, the result of the trial would have been different. Id., paragraph three of the syllabus. A reasonable probability is one that undermines confidence in the reliability of the verdict. 466 U.S. at 694, 104 S.Ct. at 2068. Considering the totality of the evidence offered at trial, we hold that there is no reasonable probability that, but for the challenged statements, the outcome of the trial would have been different. Accordingly, we overrule Lansaw's fourth assignment of error.
Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
HILDEBRANDT, P.J., GORMAN and M.B. BETTMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 5, 1999 per order of the Court ____________________. Presiding Judge
[1] We have sua sponte removed this case from the accelerated calendar.